IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

SAMUEL CARTER, #A0247045,

Petitioner,

vs.

STATE OF HAWAII,

Respondent.

Civil No. 24-00370 LEK-RT

ORDER TO SHOW CAUSE AND DISMISSING PETITION WITH LEAVE TO AMEND

**ORDER TO SHOW CAUSE AND DISMISSING PETITION WITH LEAVE TO AMEND**

On August 26, 2024, the Court received from pro se Petitioner Samuel Carter a Petition for Writ of Habeas Corpus.[1] ECF No. 1. In the Petition, Carter challenges the amount of bail set in his pending state court criminal case. The Court has reviewed the Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules"). Because the Petition does not (1) name a proper respondent, and (2) show that Carter exhausted his claims before bringing this action, it appears that Carter "is not entitled to relief in the district court." Habeas Rule 4. The Petition is DISMISSED with leave to

[1] Carter is currently detained at the Oahu Community Correctional Center, a state facility. *See* ECF No. 1 at PageID.1; see also VINE, https://vinelink.vineapps.com/search/HI/Person (select "ID Number," enter "A0247045," and select "Search") (last visited Aug. 27, 2024).

amend to allow Carter to cure its deficiencies and show cause why this action should not be dismissed. In the alternative, Carter may voluntarily dismiss this action. If Carter decides to dismiss this action, he may timely file another petition after properly exhausting his claims in state court.

## I. BACKGROUND[2]

Carter is in pretrial custody at the Oahu Community Correctional Center ("OCCC"), awaiting trial in state court in *State v. Carter*, No. 1CPC-22-0001081 (Haw. 1st Cir.).[3] On August 30, 2022, the Circuit Court of the First Circuit issued an Order Pertaining to Bail. *Carter*, No. 1CPC-22-0001081 (Haw. 1st Cir. Aug. 30, 2022), Dkt. 11. In that order, the circuit court ordered Carter to be "held without bail." *Id.*

On January 9, 2023, Carter filed a Motion for Supervised Release or, In the Alternative, to Set Bail. *Carter*, No. 1CPC-22-0001081 (Haw. 1st Cir. Aug. 30, 2022), Dkt. 82. Following a hearing on that motion, the circuit court set bail at $3.3 million. *See* Order Pertaining to Bail, *Carter*, No. 1CPC-22-0001081 (Haw. 1st Cir. Jan. 31, 2023), Dkt. 107.

---

2 These facts are taken from the Petition and Carter's state court criminal docket.

3 *See* Hawaii State Judiciary, https://www.courts.state.hi.us/ (follow "eCourt Kokua*," select "Click Here to Enter eCourt* Kokua," select "Case Search," and enter "1CPC-22-0001081" in "Case ID or Citation Number" field) (last visited Aug. 27, 2024).

On March 14, 2023, Carter filed a Motion for Supervised Release or, In the Alternative, to Reduce Bail. *See* Carter, No. 1CPC-22-0001081 (Haw. 1st Cir. Mar. 14, 2023), Dkt. 120. Specifically, Carter asked to reduce bail to $100,000. *Id.* The circuit court denied Carter's motion. *See* Order Denying Defendant's Motion for Supervised Release or, in the Alternative, to Reduce Bail, *Carter*, No. 1CPC-22-0001081 (Haw. 1st Cir. Sept. 1, 2023), Dkt. 205.

Carter appealed to the Intermediate Court of Appeals ("ICA"). *See State v. Carter*, No. CAAP-23-0000444 (Haw. Ct. App. July 26, 2023). On March 6, 2024, the ICA issued a published opinion affirming in part and vacating in part the circuit court's September 1, 2023 order. *State v. Carter*, 546 P.3d 1210 (Haw. Ct. App. 2024). As relevant here, the ICA concluded that the circuit court abused its discretion in setting bail in the amount of $3.3 million. *Id.* at 1218–19. The ICA remanded the case to the circuit court "to issue an order pertaining to bail and to conduct any further proceedings as may be necessary." *Id.* at 1219.

On April 25, 2024, Carter filed an Application for Writ of Certiorari that the Hawaii Supreme Court denied on May 30, 2024. *See State v. Carter*, No. SCWC-23-0000444 (Haw. May 30, 2024), Dkt. 7. Since noting during a July 16, 2024 hearing that the ICA had issued its decision and the Hawaii Supreme Court had denied review, the circuit court has not yet issued its order related to Carter's bail.

Carter signed the Petition on August 5, 2024. ECF No. 1 at PageID.5. In the Petition, Carter asks the Court to "lower his bail to $100,000." *Id.* On August 26, 2024, the Court received the $5.00 fee associated with this action. ECF No. 2.

## II. DISCUSSION

### A. Petition for a writ of habeas corpus under 28 U.S.C. § 2241

The Court may entertain a petition for writ of habeas corpus from a person claiming to be "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Section 2241 allows "the Supreme Court, any justice thereof, the district courts and any circuit judge" to grant writs of habeas corpus "within their respective jurisdictions." 28 U.S.C. § 2241(a). A pretrial detainee's challenge to a bail determination is properly raised under 28 U.S.C. § 2241. *See Stack v. Boyle*, 342 U.S. 1, 6-7 (1951); *Arevalo v. Hennessy*, 882 F.3d 763, 767 (9th Cir. 2018).

A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Rule 4 of the Rules Governing Section 2254 Cases, which applies to habeas petitions brought pursuant to 28 U.S.C. § 2241, requires a district court to summarily dismiss a habeas petition if "it plainly appears from the petition and any attached exhibits that the

petitioner is not entitled to relief in the district court." Habeas Rule 4; *Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019). "A district court should do so, however, only after 'provid[ing] the petitioner with adequate notice and an opportunity to respond.'" *Valdez*, 918 F.3d at 693 (quoting *Herbst v. Cook*, 260 F.3d 1039, 1043 (9th Cir. 2001)) (alteration in original).

**B. Correct Respondent**

A petitioner seeking a writ of habeas corpus must name as respondent "the person who has custody over him[.]" 28 U.S.C. § 2242; *see* Habeas Rule 2(a) ("If the petitioner is currently in custody under a state-court judgment, the petition must name as respondent the state officer who has custody."); *Rumsfeld v. Padilla*, 542 U.S. 426, 434–35 (2004); *Smith v. Idaho*, 392 F.3d 350, 354 (9th Cir. 2004).

The Supreme Court has explained that "there is generally only one proper respondent to a given prisoner's habeas petition." *Padilla*, 542 U.S. at 434. This is the person "with the ability to produce the prisoner's body before the habeas court." *Id.* at 435 (citation omitted); *see Brittingham v. United States*, 982 F.2d 378, 379 (9th Cir. 1992) (per curiam) ("The proper respondent . . . is the petitioner's 'immediate custodian'"—that is, "'the person having day-to-day control over the prisoner'"—because "[t]hat person is the only one who can produce 'the body' of the petitioner." (citations omitted)). Failure to name the

petitioner's custodian as respondent deprives the district court of personal jurisdiction over the custodian. *See Smith*, 392 F.3d at 354–55.

"[L]ongstanding practice confirms that in habeas challenges to present physical confinement . . . the default rule is that the proper respondent is the warden of the facility where the prisoner is being held[.]" *Padilla*, 542 U.S. at 434 (citations omitted); *see Smith*, 392 F.3d at 354; *see also Stanley v. Cal. Sup. Ct.*, 21 F.3d 359, 360 (9th Cir. 1994) (stating that the proper respondent "typically is the warden of the facility in which the petitioner is incarcerated" (citation omitted)); Habeas Rule 2 advisory committee note (stating that if the petitioner is in prison due to the state action he is challenging, "[t]he named respondent shall be the state officer who has official custody of the petitioner (for example, the warden of the prison)").[4]

Carter is currently incarcerated at the OCCC. Instead of naming as respondent the warden of the OCCC, however, Carter names the State of Hawaii. ECF No. 1 at PageID.1. Carter fails to explain how the State of Hawaii is his "immediate custodian" or how it has "day-to-day control" over him. *See*

---

[4] Prior to *Padilla*, the Ninth Circuit said that, for cases arising in California, the state officer having custody of a petitioner may be either the warden of the institution in which the petitioner is incarcerated or the chief officer in charge of state penal institutions. *See Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 894–96 (9th Cir. 1996); *see also Eisermann v. Penarosa*, 33 F. Supp. 2d 1269, 1271–72 (D. Haw. 1999) (noting the petitioner's efforts to "name[ ] the Hawaii official with the power to 'produce the prisoner'" in the light of his being transferred multiple times, and substituting the name of the Hawaii Director of Public Safety for an improperly named respondent to avoid "put[ting] form over function" and "frustrat[ing] the ends of justice").

*Brittingham*, 982 F.3d at 379; *Padilla*, 542 U.S. at 439–40. The Court therefore finds no reason to abandon the default rule in this matter. *See Padilla*, 542 U.S. at 434. If Carter decides to proceed with this action, he must file an amended petition naming a correct respondent. *See Ah Puck v. Hawaii*, Civ. No. 17-00173 DKW-KJM, 2017 WL 2682074, at *1 (D. Haw. June 21, 2017); *Kaopua v. Hawaii*, Civ. No. 10-00582 SOM/BMK, 2010 WL 4007663, at *1 (D. Haw. Oct. 12, 2010). Even if Carter names the correct respondent, however, the Court must nevertheless dismiss the Petition if Carter has not exhausted his state judicial remedies.

**C. Exhaustion**

"[A] state prisoner must normally exhaust available state judicial remedies before a federal court will entertain his petition for habeas corpus." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (citations omitted). A petitioner's claims are considered exhausted only after "the state courts [have been afforded] a meaningful opportunity to consider allegations of legal error without interference from the federal judiciary." *Vasquez v. Hillery*, 474 U.S. 254, 257 (1986) (citing *Rose v. Lundy*, 455 U.S. 509, 515 (1982)).

Although 28 U.S.C. § 2241(c)(3) does not explicitly require exhaustion, federal courts "require, as a prudential matter, that habeas petitioners exhaust available judicial . . . remedies before seeking relief under § 2241." *Laing v. Ashcroft*, 370 F.3d 994, 997 (9th Cir. 2004) (citation omitted). "Where a petitioner

seeks pre-conviction habeas relief, [the] exhaustion prerequisite serves two purposes: (1) to avoid isolating state courts from federal constitutional issues by assuring those courts an ample opportunity to consider constitutional claims; and (2) to prevent federal interference with state adjudication, especially state criminal trials." *Carden v. Montana*, 626 F.2d 82, 83–84 (9th Cir. 1980).

Although there is a narrow exception to the exhaustion requirement for "special circumstances," this is limited to "cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown." *Perez v. Ledesma*, 401 U.S. 82, 85 (1971).

Courts routinely hold that an excessive bail claim does not meet the "special circumstances" standard. *See*, *e.g.*, *Kanongata'a v. Jones*, 2020 WL 4674268, at *2 (E.D. Cal. Aug. 12, 2020) ("Many courts have held that an excessive bail claim does not meet the special circumstance standards."); *Dudley v. Niell*, 2015 WL 6855635, at *4 (N.D. Tex. Oct. 9, 2015), *adopted*, 2015 WL 6809296 (N.D. Tex. Nov. 6, 2015) ("[A] challenge to the reasonableness of a pretrial bond is cognizable in a federal habeas corpus action after exhaustion of state court remedies."); *Lazarus v. Baca*, 2010 WL 1006572, at *6 (C.D. Cal. Mar. 17, 2010) (abstaining from considering bail claim prior to exhaustion, noting "state

proceedings provide petitioner with an adequate opportunity to litigate her constitutional claims."), *aff'd*, 389 F. App'x 700 (9th Cir. 2010).

Carter has not exhausted his state judicial remedies. Although Carter successfully argued in the ICA that his bail was unlawful, the circuit court has not yet issued an order addressing bail since the ICA's issued its decision. Accordingly, Carter's claims based on his bail are DISMISSED without prejudice as unexhausted. *See Pitts v. Summerville*, Civil No. 20-00421 LEK-KJM, 2020 WL 6325705, at *2 (D. Haw. Oct. 28, 2020) (dismissing habeas petition based on alleged excessive bail because petitioner failed to exhaust his claims); *McCoy v. Sequeira*, Civ. No. 20-00384, 2020 WL 5604031, at *2 (Sept. 18, 2020 D. Haw.) (same).

## III. CONCLUSION

(1) The Petition is DISMISSED with leave granted to amend on or before September 26, 2024. Failure to timely file an amended petition that cures the deficiencies noted above will result in dismissal of this action without prejudice.

(2) If Carter elects to file an amended petition, he is ORDERED TO SHOW CAUSE why this action should not be dismissed. To show cause, Carter must file an amended petition on court forms that (a) names a proper respondent; and (b) explains the facts, federal bases, and exhaustion of his claims.

(3) In the alternative, Carter may NOTIFY the court in writing on or before September 26, 2024, that he is voluntarily dismissing this action. If Carter chooses this option, he may timely file another petition after properly exhausting his claims in state court.

(4) The Clerk of Court is DIRECTED to send to Carter a blank Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241.

IT IS SO ORDERED.

DATED: August 29, 2024 at Honolulu, Hawai‘i.




/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge